IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON HOLLOWAY                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO.  3:19-cv-889-DPJ-FKB

COMMISSIONER PELICIA
HALL, ET AL.                                                    DEFENDANTS

### REPORT AND RECOMMENDATION

Before the Court are Defendants' Motions for Summary Judgment based on a failure to exhaust administrative remedies in this case brought pursuant to 42 U.S.C. § 1983.  *See* [148], [150].  Plaintiff Jason Holloway filed responses to the respective motions, and one set of defendants filed a reply. *See* [153], [154], [155].  Holloway is proceeding in this matter *in forma pauperis* and *pro se*.  For the reasons discussed below, the Court hereby recommends that the motion for summary judgment [148] filed by Centurion Defendants be granted on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a).  As to the motion for summary judgment [150] filed by MDOC Defendants, the undersigned recommends that it be granted in part and denied in part, without prejudice.

I.      INTRODUCTION

Holloway is a convicted state inmate in the custody of the Mississippi Department of Corrections ("MDOC").  At the time Holloway filed this action on October 21, 2019, he was housed at the Central Mississippi Correctional Facility ("CMCF").  The original complaint [2] alleged claims on behalf of Holloway and two other inmates.  *See* [2] at 1.  After initial screening, on December 4, 2019 the Court determined that the complaint should be severed and proceed as three independent actions.  *See* [1]; *see also* Order [6], *Holloway, et al. v. Hall, et. al,* No. 3:19-cv-798-HTW-LRA.  Since that time, the other two actions were either voluntarily

dismissed or dismissed for failure to prosecute.  *See Long v. Hall*, No. 3:19-cv-890-CWR-FKB; *Gilleo v. Hall*, No. 3:19-cv-891-CWR-FKB.

As referenced above, there are two groups of defendants in this matter.  The first set of defendants is Centurion of Mississippi, which contracted with MDOC to provide health care services at CMCF, and numerous employees as follows:  Dr. William Brazier, Nurse William Lee, Nurse Clifton Strong, Nurse Anterria Griffin, Nurse Marcus Berry, Nurse Marilyn Johnson, Dr. John Farmer, Dr. Gurdial Sandu, Dr. Jeremy Rawson, and Franklin Golden (collectively "Centurion Defendants").

The second group of defendants is comprised of persons employed by the MDOC, including a myriad of employees at CMCF, as follows:  Commissioner Pelicia Hall, Deputy Commissioner Jerry Williams, Superintendent CMCF Ron King, Wendell Banks, Deputy Warden James Fillayaw, Medical Director Gloria Perry, ARP Director Richard Pennington, ARP Investigator Reniece Matthews, Jamarias Sparks, Dorothy Franks, Carrie Williams, William A. Moody, David T. House, Wendoyn N. Kimbrough, Anita J. Davis, Diamond S. McKee, Travis C. Richardson, Janice D. Shinnie, Mary Francis Jaynes, Emilea Dupree, Alisha L. Wallace, Akeria S. Fairman, Enjoli A. Richardson, Stephanie McKinney, Jemarcus L. James, Paxton Page, Dean Epps, Christopher Fortenberry, Chandra F. Weathersby, James Applewhite, Officer Thomas Solomon, Officer Marshal Long, Joyce Liddell, Andrea Youngblood, Velma Gilmore, Christopher Kimble, Dyshekia Sadberry, Trama Byrd, Donald Richmond, and Tirah Mixon (collectively, "MDOC Defendants").

Plaintiff alleges that the defendants violated his constitutional rights while he was incarcerated at CMCF during different periods of time: from August 29, 2018 to October 11,

2018; from February 28, 2019 to March 14, 2019; and from September 6, 2019 until he signed his original complaint on October 21, 2019. [2] at 32; [150-8] at 1-2. It is unclear how long Holloway remained at CMCF after he filed his initial complaint. However, Holloway filed several more motions to amend, including a lengthy Motion to Amend Complaint [51], which he signed on June 29, 2020 because he desired "to categorize all of the alleged constitutional violations and to categorize all of the named defendants in the complaint." [51] at 1; *see also* Motions to Amend [6], [12], [21], [25], [30], [31], [39], [40], [45], [50], [52], [53].[1] The Court granted the Motion to Amend [51] "to the extent that [it] accept[ed] the filing as an amended complaint for Plaintiff's stated purpose of better categorizing and organizing his claims." Order [119] at 1.

In sum, Holloway alleges that Defendants have violated his constitutional rights in a number of ways, including failing to provide adequate housing conditions in the following areas: staffing, searches for contraband, classification of prisoners, protection from sexual assault and sexual harassment, grievance system, use of excessive force by officers, medical and mental health care, environmental conditions, food and its preparation, cell square footage, educational programs and privileges for protective custody inmates, fire safety, untimely and censored mail, due process in disciplinary and detention notice hearings, failure to protect him from harm from other prisoners, retaliation by officials, and religious freedom. *See* [51]. The Court observes that Holloway did not allege any claims of excessive force or failure to protect him from harm from other inmates in his original complaint, signed on October 21, 2019. *See* [2].

_____

[1] Although Plaintiff named additional defendants in his motions to amend at [45] and [53], the Court has declined to issue process until the exhaustion question is resolved. *See* Order [119].

Both sets of the defendants filed the instant summary judgment motions, contending that Holloway failed to exhaust his available administrative remedies prior to filing his initial complaint.  In support of their motions, Defendants have submitted properly supported, undisputed documents from Holloway's lengthy Administrative Remedy Program ("ARP") file at CMCF.  *See* [148], [150].  Those documents show that prior to filing suit on October 21, 2019, and continuing thereafter, Holloway submitted numerous grievances to the MDOC ARP system.

As set forth in more detail below, Centurion Defendants argue that Holloway failed to exhaust all but one of his ARP grievances regarding his claims against them.  Centurion Defendants note, however, that Holloway completed the process as to that one ARP grievance after he filed this action and assert that the claims raised in that grievance are unrelated to the claims raised here.  *See* [149] at 5.  In response, Holloway "admits that he did file suit before [his ARP grievances were] fully exhausted," but contends that he did not exhaust "due to the barriers of trying to get the defendants to respond to ARPs according to policy."  [153] at 8.

MDOC Defendants argue that Holloway failed to exhaust most of his ARP grievances against them before he filed this action.  While MDOC Defendants concede that Holloway exhausted administrative remedies as to some claims, the Court observes that he exhausted some of those claims after he filed his initial complaint.  *See, e.g.*, [151] at 14, 20, 21.  Holloway asserts that he exhausted as to several grievances, but as to his admittedly unexhausted claims, he argues that the ARP system makes "dishonest use of the rejection criteria and the use of false information in response to warrant denial of claim[s]."  [154] at 3-4.  In sum, he argues that he should be excused from exhaustion because the system is "so hard to maneuver through even to

those like the plaintiff[] who is very familiar with MDOC rules, policies, and procedures." *Id.* at 6.

## II.    RELEVANT STANDARDS

Rule 56 of the Federal Rules of Civil Procedure states, in relevant part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 119 S. Ct. 618 (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the nonmoving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III.    DISCUSSION

Statutory law and case law require a prisoner to exhaust available administrative remedies before filing a § 1983 action in federal court. The relevant portion of 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), states the following:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

other correctional facility until such administrative remedies as are available are
exhausted.

42 U.S.C. § 1997e(a)(Supp. 2000).

The United States Supreme Court has explained that the PLRA's exhaustion requirement
is mandatory and applies to all inmate suits about prison life, whether they involve general
circumstances or particular episodes, and whether they allege excessive force or some other
wrong.  *See Porter v. Nussle*, 122 S. Ct. 983 (2002); *see also Jones v. Bock*, 127 S. Ct. 910
(2007)(reaffirming that exhaustion is mandatory; stating that it is an affirmative defense).  The
United States Court of Appeals for the Fifth Circuit has held accordingly. In *Gonzales v. Seal*,
702 F.3d 785 (5th Cir. 2012), the Fifth Circuit recognized that exhaustion of administrative
remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983
prisoner cases when they are filed before prisoners have exhausted administrative remedies.  The
Fifth Circuit has stated:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust
> the prison grievance process before filing their complaint.  It is irrelevant whether
> exhaustion is achieved during the federal proceeding.  Pre-filing exhaustion is
> mandatory, and the case must be dismissed if available administrative remedies
> were not exhausted.

*Gonzales*, 702 F.3d at 788.

This Court has found that "[i]t is not enough to merely initiate the grievance process or to
put prison officials on notice of a complaint; the grievance process must be carried through to its
conclusion."  *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10-cv-111-LRA, 2013 WL
4833901, *2 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 250 F.3d 357, 358 (5th
Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion));
*see also Tompkins v. Holman*, Civil Action No. 3:12-cv-87-LRA, 2013 WL 1305580 (S.D. Miss.

Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed grievance, but did not complete the ARP before filing his lawsuit.).

    A.    <u>Centurion Defendants</u>

Plaintiff alleged several claims of failure to provide constitutionally adequate medical treatment. Centurion Defendants have moved for dismissal of all of Holloway's claims of inadequate medical treatment, which the Court addresses, as follows:

    1. <u>Medical Treatment for Seizures and Asthma</u>

In his original complaint signed October 21, 2019, Plaintiff alleged that he had not been able to see a doctor about health problems, such as seizures and asthma. [2] at 24; *see also* [51] at 9. On September 24, 2019, Holloway submitted an ARP grievance stating that he had not been seen for sick calls regarding his asthma and seizures. *See* [148-1] at 173. On October 2, 2019, Holloway received a response to the ARP stating that the grievance would be put on backlog because he had a previously accepted ARP under consideration and assigning it tracking number OT #93. *See* [150-3] at 71-72. The grievance stayed on backlog until June 18, 2020, when it was accepted as ARP grievance CMCF-20-897. *Id.* at 69-70. On August 21, 2020, MDOC officials moved the grievance to the second step due to a lack of a first step response from Defendant Dr. William Brazier. *Id.* at 74; [148-1] at 174. Thereafter, on November 12, 2020, Dr. Brazier completed a second step response detailing the various times that Holloway had been seen by medical personnel. [148-1] at 175; [150-3] at 75.

The Fifth Circuit has specifically upheld the constitutionality of "backlogging" grievances and has stated that the practice does not provide a basis for prisoners to circumvent the ARP system. *Wilson v. Boise*, 252 F.3d 1356 (5th Cir.)(unpublished), *cert. denied*, 122 S. Ct.

369 (2001); *see also Wilson v. Epps*, 776 F.3d 296, 301 (5th Cir. 2015)(affirming this court's grant of summary judgment for failure to exhaust administrative remedies). Likewise, this Court has routinely upheld the MDOC's ARP backlogging system and found that it does not excuse a prisoner's failure to exhaust administrative remedies. *See, e.g. Campbell v. Wheeler*, No. 3:17-cv-959-HSO-JCG, 2019 WL 2497225 (S.D. Miss. Jan. 18, 2019); *Jones v. Denmark*, No. 1:14-cv-258-LG-JCG, 2016 WL 4126387 (S.D. Miss. July 5, 2016), report and recommendation adopted, 2016 WL 4126537 (S.D. Miss. Aug. 2, 2016); *White v. Epps*, Civil Action No. 2:19-cv-171-KS-MTP, 2010 WL 2539659 (S.D. Miss. Mar. 3, 2010)(upholding MDOC's ARP backlogging system).

In this case, Plaintiff's grievance (OT #93, CMCF-20-897) dated September 24, 2019, concerning lack of sick calls and treatment for his seizures and asthma, was placed on backlog before Holloway filed his initial complaint on October 21, 2019 and his subsequent amended complaints. Holloway was specifically on notice that his grievance had been backlogged, yet he proceeded with the claim in this action. He now argues that he has exhausted his administrative remedies on this grievance, therefore he should be permitted to proceed. However, this argument is without merit. This Court has found that the MDOC's ARP backlogging system does not excuse a prisoner's failure to exhaust administrative remedies. Moreover, the Fifth Circuit has held that "[i]t is irrelevant whether exhaustion is achieved during the federal proceeding." *Gonzales*, 702 F.3d at 788. Accordingly, Centurion Defendants are entitled to summary judgment on this claim related to lack of treatment for asthma and seizures based on Plaintiff's failure to exhaust administrative remedies.

2. <u>Dental Treatment</u>

In his original complaint, Plaintiff complained that he had not been able to see a dentist. [2] at 24; *see also* [51] at 10.  On November 5, 2019, Holloway submitted an ARP detailing that he had a "severe toothache at times" and that he had "filled out several sick calls to see the dent[tist] for fillings, extractions and cleaning since September of 2019," but had not been seen by a dentist.  [148-1] at 245; [150-5] at 20.  On December 2, 2019, the ARP Program notified Holloway that this grievance had been placed on backlog and assigned tracking number OT #96. [148-1] at 243-244; [150-5] at 18-19.  Plaintiff eventually withdrew the grievance on November 18, 2020.[2]  *See* [148-1] at 251; [150-5] at 10.

As shown by the records, Plaintiff filed his original complaint in this Court regarding lack of dental care before he had even filed a grievance in the ARP system.  Moreover, he eventually withdrew the grievance.  Accordingly, based on the records before the Court, Centurion Defendants are entitled to summary judgment on Plaintiff's claims regarding lack of dental care based on his failure to exhaust administrative remedies.

   3.  <u>Treatment for Hepatitis C</u>

In his original complaint, Plaintiff alleged that he had made numerous sick calls since September 9, 2019 regarding various health issues, including hepatitis C.  [2] at 24.  He asserted that it took months to see a doctor, but he did not allege any specific injury related to his alleged hepatitis C condition.  *Id.*; *see also* [51] at 9.  As an exhibit to a motion to amend, Holloway attached an ARP grievance, dated January 21, 2020, in which he complained that he had not received treatment for hepatitis C.  [12-10] at 2.  As forms of relief, he sought hepatitis C treatment, damages, and the firing of the medical director.  *Id.*  The ARP rejected the

---

[2] At the time he withdrew the grievance, Holloway had at least ten other ARPs either on backlog or pending in the ARP system.  *See* [148-1] at 251; [150-5] at 10.

administrative remedy request because, in part, it could not accept requests for staff to be disciplined or for compensation.  *Id.* at 1.

Plaintiff's records demonstrate that he failed to exhaust his administrative remedies regarding requests for treatment for hepatitis C treatment before he filed his original complaint. Furthermore, a review of the record shows that Holloway did not resubmit the request.  As such, Holloway failed to carry the grievance process through to its conclusion.  *See Walker*, 2013 WL 4833901, at *2.  Accordingly, because Plaintiff failed to exhaust his administrative remedies with regard to treatment for hepatitis C, Centurion Defendants are entitled to summary judgment on this claim.

### 4. Ophthalmic Treatment

In his original complaint, Holloway alleged that he had not been seen by an eye doctor and that he had been without glasses even though he had submitted multiple complaints and sick calls.  [2] at 24.  His amended complaint, signed on June 29, 2020, echoed these allegations. [51] at 9.  Plaintiff did not submit a request for administrative remedy regarding lack of access to an eye doctor or lack of glasses until July 6, 2020, at which time the request was put on backlog and assigned tracking number OT #103.  [148-1] at 313; [150-6] at 14.  Plaintiff subsequently withdrew the ARP.  *See* [148-1] at 251; [150-5] at 10.  Accordingly, Plaintiff failed to exhaust his administrative remedies on this claim before filing this action.  Centurion Defendants, therefore, are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies as to this claim.

### 5. Mental Health Care

In his original complaint, Holloway asserted general claims of lack of health care, but he did not allege lack of mental health care.  *See* [2] at 24.  In his subsequent amendments, he alleged inadequate mental health care by asserting that his visits with mental health care professionals were too brief and the prescribed drugs were inadequate.  *See* [45] at 4 (signed 7/5/20); [51] at 10-11 (signed 6/29/20).  On July 14, 2020, Holloway submitted an ARP grievance complaining of inadequate mental health care because his visits with mental health professionals were too brief.  [148-1] at 325; [150-6] at 26.  The ARP received the grievance and assigned it to backlog, tracking number OT #105, because Holloway had other ARP(s) under review.  [148-1] at 321, 323; [150-6] at 22, 24.  On November 18, 2020,  Holloway withdrew the request for administrative remedy when he requested that all pending ARPs be dismissed except a particular RVR appeal.  *See* [148-1] at 251; [150-5] at 10.

Not only did Holloway fail to exhaust administrative remedies before asserting this claim, but he also failed to carry the grievance process through to its conclusion.  *See Walker*, 2013 WL 4833901, at *2.  Accordingly, Centurion Defendants are entitled to summary judgment on the basis of Holloway's failure to exhaust administrative remedies with regard to his claims of inadequate mental health care.

Moreover, to the extent that Plaintiff attempts to allege claims in his amended complaint beyond the foregoing claims, such as delay in responding to sick call requests and medication administration, *see* [51] at 9, 11, Plaintiff has failed to demonstrate that he exhausted his administrative remedies.  Thus, Centurion Defendants are entitled to summary judgment as to those claims.

B.    MDOC Defendants

MDOC Defendants have moved for summary judgment on Plaintiff's claims, arguing that he failed to exhaust his administrative remedies as to most of his claims. The Court will address Holloway's claims in the sequence presented by his amended complaint [51].

    1.  <u>Safety and Security</u>

In his original and amended complaints, Plaintiff makes broad claims centering on inadequate staffing at CMCF. [2] at 22; [51] at 2-4. Holloway alleges that insufficient staffing prevents security checks, allows inmate violence, inhibits medical care, and allows contraband. He also alleges that insufficient staffing led to assaults on him by fellow inmates.[3]

Holloway filed three grievances regarding inadequate staffing issues unrelated to his alleged assaults that were either rejected or eventually withdrawn. Holloway's grievance, dated September 29, 2019, regarding tower staffing was rejected for containing more than one complaint; there is no record of its resubmission. [154-3] at 47-48. Holloway's grievance, dated October 8, 2019, regarding security issues was rejected by the ARP program because it contained multiple complaints and dictated how staff should conduct themselves. *Id.* at 50. There is no record that Holloway attempted to resubmit it. On May 11, 2020, Holloway submitted a grievance alleging that no guard was available to assist him when he had a seizure. [150-5] at 68. The grievance was accepted into the ARP on June 19, 2020 and placed on backlog with the assigned number OT #100. *Id.* at 64-66. He eventually withdrew the grievance on November 18, 2020. *Id.* at 10.

Plaintiff failed to exhaust his administrative remedies on these claims before filing this action or his amended complaint [51]. The grievances were either rejected by the ARP program,

---

[3] Plaintiff's allegations of failure to protect him from harm from other inmates will be addressed in subsection 14 *infra*.

or, as in the case of OT #100, it was on backlog when he signed his amended complaint [51] on June 28, 2020.  Moreover, he later withdrew OT #100.  To the extent he makes other allegations regarding staffing, he failed to file or complete administrative remedies on them.  The grievance process must carried through to its conclusion before filing suit.  *See Walker*, 2013 WL 4833901, at *2.  Accordingly, MDOC Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies as to his safety and security claims.

      2.  <u>Contraband and Classification/Housing of Prisoners</u>

Plaintiff alleges that CMCF is plagued with contraband, including weapons, phones, and drugs.  [51] at 4.  Plaintiff also argues that prisoners of different classifications are mixed and mingled within the protective custody unit, which leads to assaults.  *Id.* at 5-6. According to an affidavit submitted by MDOC Defendants, Plaintiff failed to file any requests for administrative remedies regarding these allegations.  [150-1] at 1.  Although Plaintiff does not specifically address this affidavit, he does admit that he "was unable to successfully exhaust most of his remedies before filing suit."  [154] at 6.  However, he blames his lack of exhaustion on the "hard[-]to[-]maneuver" ARP system.  *Id.*

"The requirement of exhaustion applies regardless of Plaintiff's opinion of the efficacy of the institution's administrative remedy program."  *Nealy v. Moore*, No. 4:11-cv-187-HTW-LRA, 2013 WL 6230107, *3 (S.D. Miss. Nov. 30, 2013)(citing *Alexander v. Tippah Co.*, 351 F.3d 625, 630 (5th Cir. 2003)).  Because Plaintiff failed to exhaust his administrative remedies with regard to either of these claims before he filed this action, MDOC Defendants are entitled to summary judgment on the allegations related to contraband and prisoner housing.  *See Gonzales*, 702 F.3d at 788.

      3.  <u>Sexual Assault</u>

Plaintiff alleges that sexual assaults and harassments at CMCF are unreported, and that prison staff members fail to properly handle investigations according to the Prison Rape Elimination Act ("PREA").[4]  [51] at 6.  He alleges that he was a victim of sexual assault in 2015,[5] and that he has been sexually harassed several times, without giving any specific dates. *Id.* at 6-7.  He further alleges that officials failed to investigate his alleged 2015 rape pursuant to PREA policy and guidelines.  *Id.* at 6.

MDOC Defendants have submitted an affidavit stating that MDOC's ARP program has no grievance on file from Holloway alleging that MDOC failed to investigate his PREA related complaints.  [150-1] at 1.  Moreover, he filed his December 7, 2020 grievance alleging multiple assaults and sexual assaults by fellow prisoners after he filed his amended complaint.  *See* [150-3] at 31-33.  Plaintiff fails to respond specifically to the MDOC Defendants' affidavit, but states generally that he was not able to exhaust because of the mechanics of the ARP system.  Because Plaintiff failed to exhaust his administrative remedies regarding PREA related claims, MDOC Defendants are entitled to summary judgment on this claim.

4.  Grievance System

Plaintiff makes general claims that the ARP system is broken, insufficient, and inadequate.  He argues that the system's rules wrongly reject the grievances, therefore there is no available remedy.  [51] at 7-8.

On June 22, 2020, Holloway filed a grievance regarding the ARP system in which he sought amendment and changes to the program.  [154-2] at 60-62.  The grievance was rejected

---

[4] *See* 18 U.S.C. §15601 (2003).
[5] Plaintiff made allegations of a 2015 sexual assault at CMCF in *Holloway v. Fisher, et al.*, 3:16-cv-26-FKB (S.D. Miss. 2019).  He does not articulate a separate claim of sexual assault in this action.

on July 20, 2020 for containing multiple complaints.  [154-2] at 59.  Because the grievance was

pending when Plaintiff signed his amended complaint [51] on June 29, 2020, he failed to exhaust

his administrative remedies before filing a complaint in federal court.  Accordingly, MDOC

Defendants are entitled to summary judgment on this issue.

    5.  <u>Use of Force</u>

Plaintiff did not allege excessive force in his initial complaint.  [2].  However, without

providing any details in the section of his amended complaint labeled "Use of Force," Plaintiff

alleges that CMCF staff members use force, including chemical agents, without following

policies and fail to investigate use of force complaints.  *See* [51] at 8.  Elsewhere in his amended

complaint, Plaintiff alleges that Defendants Moody and Long used excessive force on him on

two separate, unidentified occasions.  *See id.* at 21.

MDOC Defendants have identified grievances in which Plaintiff alleged separate

incidents of excessive force on March 1, 2019 (Defendant Washington); April 26, 2020

(Defendant Moody); and May 6, 2020 (Defendants Long and Byrd).  *See* [150-1] at 5-14.

Although the records indicate that the grievances associated with these alleged incidents of

excessive force were rejected and returned to Plaintiff with no subsequent resubmissions, *see id.*

at 2, MDOC Defendants "do not at this time dispute that Plaintiff exhausted these grievances."

[151] at 21.  Accordingly, summary judgment is denied without prejudice as to Plaintiff's claims

of excessive force based on the alleged incidents of March 1, 2019, April 26, 2020, and May 6,

2020.

Summary judgment is granted, however, as to any claims of excessive force against

Defendant Wallace based on the use of chemical agents.  Plaintiff filed a grievance on March 8,

2020 related to Wallace's alleged use of chemical agents on Holloway.  *See* [154-3] at 55-57.  In

his grievance, Holloway sought damages and a transfer of the officers to another section. *Id.* at 57. The grievance was rejected by the ARP on April 6, 2020 for containing more than one request, asking for compensation, and asking for staff discipline. *Id.* at 54. There is no indication in the record that Plaintiff attempted to resubmit his grievance before filing his amended complaint on June 29, 2020. Accordingly, MDOC Defendants are entitled to summary judgment on this claim of excessive force based on Plaintiff's failure to exhaust administrative remedies.

6.  Medical Claims

As discussed in Subsection A *supra*, Plaintiff has made a variety of inadequate medical care claims, and Centurion Defendants are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies. MDOC Defendants moved for summary judgment as to these claims of inadequate medical care, supporting their motion with the record and affidavits, as cited *supra*. *See generally* [150-1] to [150-9]. Likewise, for the same reasons explained above, MDOC Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies on his claims of inadequate medical treatment.

7.  Environmental Conditions

Plaintiff alleges that his constitutional rights are violated by a number of environmental conditions at CMCF, such as poor ventilation, rusted fixtures, and malfunctioning plumbing, resulting in sewage leaks and foul smells. [51] at 12-13. He also alleges that inmates sleep on the floor or bare steel bunks without mattresses for long periods of time, there is a lack of cleaning supplies, and his laundry is not washed and dried properly. *Id.* at 13-14.

MDOC Defendants argue that Plaintiff failed to exhaust his administrative remedies as to most of these claims. Indeed, there is no record of grievances regarding ventilation issues or lack

of a mattress or linens. [150-1] at 1. His grievance regarding laundry was filed on October 29, 2019 *after* he signed his original complaint. [150-5] at 16. The laundry grievance was placed on backlog, assigned number OT #95, and was later withdrawn by Holloway. *See id.* at 10, 14-15.

As for his other claims of environmental conditions, Plaintiff filed one ARP grievance regarding the state of his cell on September 7, 2019. [150-3] at 63. In that short grievance, labeled "Re: furnishings toilet and light," Holloway complained that his toilet did not flush and his cell light did not work. *Id.* On September 18, 2019, the grievance was backlogged and assigned tracking number OT #92. *Id.* at 61-62. On October 23, 2019, OT #92 was removed from backlog and accepted into the ARP, at which time it was assigned number CMCF-19-2297. *Id.* at 59-60. MDOC Defendants concede that Plaintiff eventually exhausted his administrative remedies as to CMCF-19-2297. [151] at 17. However, CMCF-19-2297 was still on backlog when Holloway signed his initial complaint, thus, Plaintiff failed to exhaust administrative remedies regarding any claims based on his malfunctioning toilet and light before he filed this action.

Turning to his other environmental conditions claims, there are no grievances in Holloway's official record, or the numerous exhibits submitted by Holloway in support of his amended complaints or in response to the motion for summary judgment, related to malfunctioning sinks and showers, raw sewage, rusted fixtures, and lack of cleaning supplies. *See* [2], [6], [10], 12], [15], [21], [25], [26], [30], [40], [50], [52], [87], [90], [150], [153-2], [153-3], [154-2], [154-3]. Accordingly, MDOC Defendants are entitled to summary judgment on all of Plaintiff's environmental conditions claims because he failed to exhaust his administrative remedies on them prior to filing this action.

17

8. <u>Food Preparation and Services</u>

Plaintiff alleges that meals are neither wholesome nor adequate.  [51] at 14.  He argues that they are inadequately served because the trays are not properly cleaned, and the meals sit too long in the hallways before they are served.  *Id.*  He alleges that inadequate liquids are served with the meals.  *Id.*  For example, he alleges that milk is rarely served, and it is oftentimes sour. *Id.*  He alleges that tea, coffee, and juices are never served with meals, and he is forced to drink his cell's sink water that smells and tastes badly.  *Id.*  He argues that his doctor-ordered special, high-calorie diet is not properly served.  *Id.* at 15.  Finally, he asserts that service of meals is inadequately timed such that there is a gap of fourteen to sixteen hours between dinner and breakfast, which causes him to have stomach pains and headaches.  *Id.*

Plaintiff made no allegations regarding food service in his initial complaint, but his claims are contained in his amended complaint signed June 29, 2020.  *Id.* at 14-15.  Holloway filed an ARP grievance regarding service of liquids, such as tea, with his meals on June 9, 2020. [150-6] at 8.  This grievance was placed on backlog on June 19, 2020 and assigned number OT #102.  *Id.* at 4-6.  On May 26, 2020, Holloway filed a grievance asserting that he was not receiving his doctor-ordered high calorie tray. [150-5] at 74.  On June 19, 2020 the grievance was accepted into the ARP, placed on backlog, and assigned number OT #101.  *Id.* at 70-72. Plaintiff later withdrew both grievances on November 18, 2020.  *See* [150-5] at 10.

Because Plaintiff failed to file any grievances with regard to the service and timing of meals, Plaintiff failed to exhaust his administrative remedies as to those claims before filing this action.  Furthermore, his grievances related to service of liquids with meals and lack of a high-calorie, doctor-ordered tray were pending at the time he filed his amended complaint, and he later withdrew them.  Accordingly, Plaintiff failed to exhaust his administrative remedies with

18

regard to those claims.  Thus, MDOC Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies related to his food preparation and services claims.  *See Gonzales*, 702 F.3d at 788.

9.  Double Celling/Overcrowding

Plaintiff alleges that inmates in the "R&C" are double-celled in cells designed for one person.  [51] at 15-16.  He also complains that, in general, inmates at CMCF must sleep on the floors for "months at a time due to the overcrowding."  *Id.*  MDOC Defendants have submitted an affidavit stating that there are no grievances related to allegations of lack of a mattress, state-issued bed linens, or living in overcrowded conditions on file in Holloway's official ARP records.  [150-1] at 1.  The Court's review of the documents in the record, including Holloway's exhibits, supports this assertion.  And Holloway fails to meet his burden at this juncture, as he responds with only "conclusory allegations."  *Little*, 37 F.3d at 1075.  Accordingly, MDOC Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies related to his claims of double-celling and overcrowded conditions.

10. Equal Protection/Programs for Protective Custody Inmates

Holloway complains that protective custody inmates at CMCF do not have the same opportunities for jobs or educational and rehabilitation programs as inmates in the general population.  [51] at 16.  He complains that protective custody inmates at CMCF are not allowed to purchase their own televisions, whereas protective custody inmates at other facilities are afforded that privilege.  *Id.*  He complains that protective custody inmates are not allowed to attend religious services nor may they receive visits by religious personnel as often as general population inmates.  *Id.*  He also complains of a lack of outside recreation for protective custody inmates.  *Id.*  He complains that protective custody inmates are not allowed to use the prison

library like general population inmates. *Id.* Finally, in his initial complaint, he complained about the prison visitation policy for protective custody inmates. [2] at 24.

Holloway filed one grievance related to his lack of prison library privileges on July 13, 2020. [150-6] at 20. This grievance was accepted into the ARP on July 29, 2020, placed on backlog, and assigned number OT #104. *Id.* at 16-18. Plaintiff withdrew the grievance on November 18, 2020. [150-5] at 10. On December 20, 2020, Plaintiff filed a grievance complaining of a lack of telephone privileges for protective custody inmates. [150-3] at 27. The grievance was accepted into the ARP, was put on backlog, and was assigned number OT #110 on January 5, 2021. *Id.* at 23-25. Holloway withdrew OT #110 on February 27, 2021. *Id.* at 19. As to his other claims, the Court's review of the record before it on summary judgment demonstrates that Holloway filed no grievances, rejected or otherwise, based on his various claims related to lack of privileges for protective custody inmates. *See* [2], [6], [10], 12], [15], [21], [25], [26], [30], [40], [50], [52], [87], [90], [150], [153-2], [153-3], [154-2], [154-3].

Plaintiff's unsubstantiated assertions regarding the efficacy of the ARP do not meet his summary judgment burden. *See Nealy*, 2013 WL 6230107, at *3. Moreover, his grievances regarding lack of library and telephone privileges were filed after he filed his amended complaint in June 2020. Accordingly, MDOC Defendants are entitled to summary judgment related to Plaintiff's equal protection claims regarding programs and privileges for protective custody inmates due to his failure to exhaust administrative remedies before filing his initial and amended complaints.

11. <u>Fire Safety</u>

Plaintiff asserts that although the housing units at CMCF are constructed "mostly" of concrete and steel, there is "still a hazard of fires and smoke that could harm" him. [51] at 17.

He asserts that there are no fire drills, that many fire alarms and sprinklers are broken, and that lack of proper staffing could create risk of harm in the event of an emergency evacuation. *Id.*

MDOC Defendants have submitted an affidavit stating that Plaintiff failed to submit any complaints to the ARP related to fire safety issues. *See* [150-1] at 1. Plaintiff has failed to respond specifically to this affidavit, but responds generally that the ARP wrongfully rejects his attempts to file grievances. Because Plaintiff failed to exhaust his administrative remedies with regard to his claims related to fire safety, MDOC Defendants are entitled to summary judgment as to these claims.

12. Mail Services

In his initial and amended complaints, Holloway complains that mail is not timely delivered in accordance with MDOC policy. [2] at 22; [51] at 17-18. Without alleging any detail, he also claims that incoming and outgoing mail is censored without notice to the inmates. [51] at 18.

Holloway filed a grievance with the ARP on October 5, 2019 complaining that mail was not handled in accordance with MDOC policy governing speed of pickup and delivery. [150-4] at 8. On October 24, 2019, this grievance was accepted into the ARP, placed on backlog, and assigned number OT # 94. *Id.* at 6-7. This grievance eventually came off backlog and was assigned CMCF-20-1533. *Id.* at 4-5. CMCF Warden James R. Miller issued a first step response on November 16, 2020. *Id.* at 10. A second step response followed on December 20, 2020. *Id.* at 14. Defendants do not dispute that Plaintiff took the grievance CMCF-20-1533 to the second step. [151] at 18.

However, Plaintiff's exhaustion of his ARP grievance CMCF-20-1533 regarding the speed of incoming and outgoing mail does not prevent the grant of summary judgment to MDOC

21

Defendants. The records show that Plaintiff exhausted this claim *after* he filed his initial

complaint in October 2019. "It is irrelevant whether exhaustion is achieved during the federal

proceeding." *Gonzales*, 702 F.3d at 788. And the record contains no grievance regarding

censorship of mail. *See* [2], [6], [10], 12], [15], [21], [25], [26], [30], [40], [50], [52], [87], [90],

[150], [153-2], [153-3], [154-2], [154-3]. Accordingly, MDOC Defendants are entitled to

summary judgment as to these claims of slow pickup, slow delivery, and censorship of mail

based on Plaintiff's failure to exhaust administrative remedies.

13. <u>Due Process in Disciplinary Hearings</u>

Holloway argues that MDOC Defendants denied his due process rights in disciplinary

hearings at CMCF. [51] at 18. He did not make such allegations in his initial complaint. [2].

He complains that unnamed officials denied him fair hearings when they did not allow him to

call witnesses and failed to conduct proper investigations. [51] at 18. He claims that documents

were forged and falsified by CMCF staff, and that staff members failed to follow MDOC policies

regarding hearings. *Id.* at 18-19.

MDOC Defendants concede that Holloway exhausted his administrative remedies

regarding grievances CMCF-20-793 (filed on May 11, 2020) and CMCF-20-794 (filed on May

11, 2020). *See* [150-5] at 28-50; 52-60. Grievance CMCF-20-793 alleged that Holloway was

denied due process related to an incident that occurred on February 25, 2020, and that an RVR

was retaliatory in nature. *Id.* at 32-33. Grievance CMCF-20-793 was accepted into the ARP on

June 3, 2020. *Id.* at 30. Defendant Wendell Banks issued a first step response to Grievance

CMCF-20-793 on June 26, 2020. *Id.* at 47. Holloway received the first step response on July

13, 2020. *Id.* at 48.

Grievance CMCF-20-794, submitted by Holloway on May 11, 2020, appealed two RVRs issued on March 5, 2020 and argued that the hearing officer failed to investigate or handle the hearing properly. *Id.* at 56-57. The grievance was given backlog number OT-99, and it was accepted into the ARP on June 3, 2020. *Id.* at 54-55. Defendant Wendall Banks issued a first step response to CMCF-20-794 on July 10, 2020. *Id.* at 60.

There are two other grievances in the record related to due process in disciplinary hearings. Grievance CMCF-20-1382 concerned a request for administrative remedy that Holloway filed on September 21, 2020, in which he alleged that he was denied due process related to an RVR he received on August 27, 2020. [150-2] at 23-24. Grievance CMCF-20-1382 was initially backlogged as number OT #106, but was accepted into the ARP on September 25, 2020. *Id.* at 21-22. Turning to the second grievance, Holloway submitted a request for administrative remedy appealing an RVR and alleging retaliation and violation of his due process rights on January 4, 2021. *Id.* at 61. This request became grievance CMCF-21-093, which was rejected on January 20, 2021. *Id.* at 57-59.

As demonstrated by the record, Holloway signed his amended complaint [51] on June 29, 2020 before he exhausted his administrative remedies based on his claims of denial of due process in disciplinary hearings. The first step response to grievance CMCF-20-793 is dated June 26, 2020, and Holloway did not receive the first step response until July 13, 2020. *See* [150-5] at 47. Thus, CMCF-20-793 was still pending in the ARP at the time he signed his amended complaint.

Likewise, the first step response to CMCF-20-794 was issued on July 10, 2020, *after* Holloway signed his amended complaint [51]. Furthermore, the other grievances in the record –

CMCF-20-1382 and CMCF-21-093 – were filed by Holloway months after he signed his amended complaint on June 29, 2020. Accordingly, Holloway failed to exhaust his administrative remedies regarding due process claims prior to signing his amended complaint, and MDOC Defendants are entitled to summary judgment on this basis. *See Gonzales*, 702 F.3d at 788 ("Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.").

      14. Failure to Protect

      In his initial complaint, Holloway did not allege that officials failed to protect him from assault by other inmates. [2]. In his amended complaint [51], Holloway alleges, without any specificity as to date or identity of persons, that he was assaulted three times by other inmates at CMCF after he put officials on notice of threats. [51] at 19. He also asserts that nothing was done to prevent the attacks and that nothing was done to the attackers afterwards. *Id.* He alleges that officers simply watched the attacks and failed to intervene. *Id.*

      Plaintiff submitted copies of ARP grievances regarding three[6] separate attacks that were rejected, as follows:

    a.  On February 26, 2020, Holloway submitted a grievance regarding an alleged attack by inmate Tommy Hill that occurred on February 25, 2020. Holloway claimed that officers failed to intervene and that Hill was not disciplined. [26-3] at 2. That grievance for was rejected by the ARP on several grounds, including that Holloway asked for money damages, which is not an available remedy. *Id.* at 1. On March 21, 2020, Holloway re-submitted a grievance based on the February 25, 2020 incident. [26-9] at 2. On April 6, 2020, the amended grievance was rejected in part because it again asked for damages and added a request for staff to be moved to another section. *Id.* at 1; *see also* [154-3] at 26-29.

---

[6] The Court denied Holloway's motion to amend [53] as it related to an alleged attack by inmate Charleston Hudson on February 1, 2020. *See* [119] at 1; *see also* [154-3] at 24-25 (rejected grievance).

b.  On May 30, 2020, Holloway submitted a grievance based on an alleged incident that occurred on May 13, 2020, in which Billy Bonner assaulted him while officers failed to intervene.  [154-3] at 31.  The ARP rejected the grievance because Holloway asked for money damages.  *Id.* at 30.

c.  On December 28, 2020, Holloway submitted a grievance alleging that on December 24, 2020, he was assaulted by another inmate with feces despite his warnings to officers of threats.  *Id.* at 71.  The grievance asked that inmates be strip-searched before leaving their cells, that supervisors take threats more seriously, a full investigation by CID, and any other relief deemed proper.  *Id.*  On January 5, 2021, the request was rejected by the ARP because it contained multiple complaints, it asked for relief against another inmate, and it dictated staff conduct.  *Id.* at 70.

MDOC Defendants show that on December 7, 2020, Holloway submitted a grievance alleging that he did not feel safe in prison because he has been "assaulted numerous times and sexually assaulted 3 times. . . ."  [150-3] at 33.  On January 4, 2021, the request was accepted into the ARP as CMCF-21-020.  *Id.* at 31-32.

Based on the record before the Court, Plaintiff failed to exhaust his administrative remedies with regard to these claims before he filed this action.  Despite being advised on how to amend his requests, Plaintiff failed to resubmit his requests in accordance with the rules of the ARP.  In his grievances dated February 26 and May 30, 2020, he persisted either in requesting monetary damages or discipline of staff or inmates, which are not available remedies.  Furthermore, his December 28, 2020 request was filed and rejected after he signed his amended complaint on June 29, 2020.  Likewise, his December 7, 2020 request, which became CMCF-21-020, was submitted after he signed his amended complaint.  Accordingly, Plaintiff failed to exhaust his administrative remedies as to these failure-to-protect claims, and MDOC Defendants are entitled to summary judgment on this basis.

15. Retaliation

Plaintiff alleges that officers at CMCF retaliated against him because he does "paperwork," or that he files ARP grievances. [51] at 20. He alleges that in retaliation, unnamed officials have destroyed his cell on several occasions. *Id.*

Plaintiff has filed grievances regarding retaliation and harassment by staff. On February 14, 2020, Plaintiff filed a grievance against Defendant Moody alleging that Moody verbally threatened and harassed him in response to Holloway's litigation in federal court. [150-5] at 24. That request was placed on backlog on March 17, 2020 and assigned number OT #97. *Id.* at 22-23. Plaintiff later withdrew the grievance on November 18, 2020. *See* [150-5] at 10.

On March 23, 2020, Holloway filed a grievance related to verbal harassment and denial of privileges by Defendant Wallace on the same date. [154-3] at 52-53. In the grievance, Plaintiff asked that Defendant Wallace be moved to another area, among other requests. *Id.* at 53. The ARP rejected the grievance on April 6, 2020, for multiple reasons, including that it contained multiple requests and requested staff discipline and compensation. *Id.* at 51. There is no evidence in the record that Holloway attempted to resubmit the grievance.

On March 23, 2020, Holloway filed a grievance alleging that on that date, Defendant Applewhite had threatened to kill him and harassed him in retaliation for his litigation pursuits. [26-10] at 2-3. The ARP responded to the grievance on April 6, 2020 and advised Holloway that because of "the nature of [his] correspondence, it has been forwarded to [Holloway's] unit supervisor, superintendent, and CID." *Id.* at 1. There is no evidence in the record that Holloway pursued the matter any further. On April 20, 2020, Holloway signed his motion [25] to amend his complaint in which he asserted claims against Applewhite based on this alleged incident.

Plaintiff filed several grievances based on alleged verbal harassment by Captain Carrie Williams on November 18, 2020.  *See* [154-3] at 62-68; [150-2] at 47-51.  This alleged incident occurred, however, after he filed his amended complaint.

Plaintiff failed to exhaust his administrative remedies as to all of the foregoing claims. Plaintiff eventually withdrew his grievance OT #97 against Defendant Moody.  There is no evidence in the record that Holloway attempted to resubmit his March 23, 2020 grievance against Wallace after it was rejected on April 6, 2020.  Likewise, there is no evidence in the record that Plaintiff further pursued remedies against Applewhite based on an alleged March 23, 2020 incident.  Instead, Plaintiff filed his motion to amend [25] on April 20, two weeks after the matter was referred to CID.  *See Walker v. Hollaway*, No. 1:17-cv-244-LG-RHW, 2019 WL 4228911 (S.D. Miss. July 8, 2019)(finding that Plaintiff failed to exhaust administrative remedies when he filed suit within days of referral to CID).  Finally, Plaintiff's claims of harassment against Williams arose on November 28, 2020 after he signed his amended complaint on June 29, 2020.  Accordingly, MDOC Defendants are entitled to summary judgment on these claims of harassment based on Plaintiff's failure to exhaust administrative remedies.

16. Religion

Plaintiff alleges that, as a Muslim, his religious beliefs are violated when he is not allowed visits by other members of the Muslim faith, and he is forced to listen to a chaplain and other inmates preach Christianity and sing Christian songs.  [51] at 20-21.  He argues, furthermore, that he cannot afford a prayer rug, koofie cap, or prayer oil, even though they are sold in the canteen.  *Id.* at 21.

MDOC Defendants have presented an affidavit from the custodian of the ARP stating that Holloway has not filed a grievance "through the Administrative Remedy Program

concerning religion or allegations of being forced to listen to Christian prayer services." [150-1] at 15.  In response to the motion for summary judgment, Plaintiff submitted a copy of a grievance dated July 6, 2020, in which Holloway complains of lack of visitation by "the Imam" and that he is forced to listen to preachers and other inmates sing and preach Christianity.  [154-3] at 33.  On July 20, 2020, the ARP rejected the grievance because it contained multiple complaints.  *Id.* at 32.

Based on the record before the Court, Plaintiff failed to exhaust his administrative remedies as to this claim before he signed his amended complaint on June 29, 2020. Accordingly, MDOC Defendants are entitled to summary judgment on this claim based on Plaintiff's failure to exhaust administrative remedies.

IV.    <u>CONCLUSION</u>

Based on the reasoning contained in this Report and Recommendation, the undersigned recommends that the motion for summary judgment [148] filed by Centurion Defendants be granted on the basis that Plaintiff failed to exhaust his administrative remedies with regard to his claims against them.

The undersigned also recommends that the motion for summary judgment [150] filed by MDOC Defendants be denied without prejudice as to Plaintiff's claims of excessive force against Defendant Washington in relation to an alleged March 1, 2019 incident, against Defendant Moody in relation to an alleged April 26, 2020 incident, and against Defendants Long and Byrd in relation to an alleged May 6, 2020 incident.  The undersigned recommends that MDOC Defendants' summary judgment motion [150] be otherwise granted and that all other claims against MDOC Defendants be dismissed for Plaintiff's failure to exhaust administrative remedies.

28

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[7] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 3rd day of February, 2022.

/s/ F. Keith Ball_____.
UNITED STATES MAGISTRATE JUDGE

---

[7] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court.  *See* Fed. R. Civ. P. 5(b)(2)(C).