UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JASON HOLLOWAY                                                                                   PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:19-CV-889-DPJ-FKB

COMMISSIONER PELICIA HALL, ET AL.                                                DEFENDANTS

ORDER

The action is before the Court on the Report and Recommendation [167] of United States Magistrate Judge F. Keith Ball. Plaintiff Jason Holloway, a convicted state inmate, filed this suit on October 21, 2019. At the time, he was housed at Central Mississippi Correctional Facility (CMCF).

As pointed out by Judge Ball, there are two groups of Defendants. The first group consists of Centurion of Mississippi, which contracted with the Mississippi Department of Corrections (MDOC) to provide healthcare at CMCF, and ten of its employees. R&R [167] at 2. The second group is comprised of persons employed by MDOC. *Id.* Through repetitive filings, Holloway alleges Defendants violated his constitutional rights in various ways. *See* Compl. [2]; *see also* Motions to Amend [6, 12, 21, 25, 30, 31, 40, 50, 51, 52, 53]. Defendants say Holloway failed to exhaust his administrate remedies; the Court agrees.

The Prison Litigation Reform Act states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Fifth Circuit directs district courts to strictly apply this requirement:

> District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant

> whether exhaustion is achieved during the federal proceeding. Pre-filing
> exhaustion is mandatory, and the case must be dismissed if available
> administrative remedies were not exhausted.

*Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. 199 (2007); *Woodford v. Ngo*, 548 U.S. 81 (2006)). In the instant case, in order to exhaust his administrative remedies, Holloway needed to file a grievance with the MDOC Administrative Remedy Program (ARP) and follow the grievance procedure to its conclusion. *See Walker v. E. Miss. Corr. Facility*, No. 4:10-CV-111-LRA, 2013 WL 4833901, at *2 (S.D. Miss. Sept. 11, 2013) ("It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion.") (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)); *see Campbell v. Wheeler*, NO. 3:17-CV-959-HSO-JCG, 2019 WL 2497225, at *4 (S.D. Miss. Jan. 18, 2019) (examining ARP process).

Judge Ball carefully detailed five categories of claims against the Centurion Defendants and sixteen categories of claims against the MDOC Defendants. Judge Ball concluded that Holloway failed to exhaust all claims against the Centurion Defendants. As to the MDOC Defendants, all but one group of claims—claims related to three incidents of excessive force—are likewise unexhausted. R&R [167] at 15. Notably, MDOC did not dispute that Holloway had exhausted his administrative remedies as to (1) a March 1, 2019 incident involving Defendant Washington; (2) an April 26, 2020 incident involving Defendant Moody; and (3) a May 6, 2020 incident involving Defendants Long and Byrd. *Id.*; *see id.* at 28.

In the R&R, Judge Ball advised Holloway that he had 14 days to file an Objection. *Id.* at 29. On February 18, 2022, the Court received a motion for extension of time to file an objection [169] from Holloway. The Court granted the motion and directed Holloway to file his Objection by March 9, 2022, warning that "no further extensions will be granted." Feb. 24, 2022 Text-

Only Order.  The Court has allowed ample time for Holloway to object, but, to date, no Objection has been received.

The Court adopts the thorough, well-reasoned, and unopposed Report and Recommendation [167] as the opinion of the Court.  Accordingly, the Centurion Defendants' motion for summary judgment [148] is granted; MDOC's motion for summary judgment [150] is granted in part and denied in part, consistent with this Order.

**SO ORDERED AND ADJUDGED** this the 17th day of March, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
